NEW JERSEY DEPARTMENT OF LABOR,
WORKMEN'S COMPENSATION BUREAU.

WALTER GEBHARDT, PETITIONER, v. RALPH H. MEKEEL AND JOHN CHRISTIE, PARTNERS, TRADING AS CHRISTIE & MEKEEL, RESPONDENTS.

**Injury to Employe Who was Thrown From a Motor Truck Upon Which He was Riding, Employe Having Been Sent by Employer to Another Job and Requested to Make the Distance the Best They Could, Had Accepted the Offer of the Truck Driver to Give Him a "Lift."**

On petition for compensation. On determination of facts and rule for judgment.

For the petitioner, *John V. Laddey.*

For the respondents, *Raymond Dawson* and *Emile Neblo.*

\*          \*          \*          \*          ·\*          \*          \*

4. On March 31st, 1926, respondents produced their witnesses and in their argument raised a point of law, which I decided to rule upon before hearing additional witnesses on behalf of the petitioner. Upon briefs having been filed by the attorneys representing the respective parties, I decided the said question of law in favor of the petitioner on June 2d, 1926, and gave leave to the petitioner to introduce his remaining testimony upon a day agreed upon between the parties.

5. On September 22d, 1926, this matter came on for further hearing, at which time the petitioner produced additional evidence in the presence of the attorneys for the respective parties, whereupon I declared the case closed and made the following findings:

(*a*) That the petitioner, Walter Gebhardt, was employed by the respondents on April 20th, 1925, and continued in that employ until May 9th, 1925, on which day he sustained an accident arising out of and in the course of his employment with the said respondents.

(*b*) That he was employed at Netcong, New Jersey, the place of petitioner's resident, to dig cellar foundations with pick and shovel a' River Styx, six miles away.

(*c*) That he was employed to report at seven-thirty A. M. daily at the respondents' garage at Netcong, from where he was taken with other fellow-workmen by Ralph Mekeel, one of the respondents, in an automobile to River Styx, the place of work, six miles away, the contract of employment including the carrying of the petitioner to and from his work.

(*d*) That he was also brought back to the said garage every day by five P. M.; that he began to work when they arrived there and only stopped work when his employer announced that he was ready to take them back to Netcong.

(e) That on May 9th, 1925, petitioner reported for work at the said garage at seven-thirty A. M. and was taken with two other fellow-employes by the said Ralph Mekeel in an automobile for only about half the distance to the place where they were to dig cellar foundations that day; that said Ralph Mekeel told petitioner and the said other two fellow-employes that he had to take some other gang from Netcong to Hackettstown and requested them to make the rest of the distance to the place of work the best they could.

(f) That while petitioner and the said other two fellow-employes were complying with these instructions and had gone afoot only a short distance toward their place of work they accepted an offer of a lift by a passing auto truck, which, after it had gone only a short distance, struck a rock or a rut, which jarred open the door of the truck, which in turn struck the petitioner, causing him to fall off the truck to the ground, whereupon one of the wheels of the said truck ran over his left foot, crushing his said foot; that one of the said fellow-employes stayed with him by the side of the road until one Frank Ball, driving in a Ford touring automobile in the direction of River Styx, stopped and offered to take petitioner home, for which purpose the said Frank Ball turned around and conveyed him and the said fellow-employe back to Netcong; that at the request of petitioner's mother the said Mr. Ball left a call with Dr. Nelden, who visited the petitioner and treated him from that day to the latter part of July, 1925.

(g) That the petitioner, even assuming it to be a fact, which I do not credit, that he had been requested by the employer to get a free ride to the place of employer's operation, on two automobiles which the employer suggested, did not violate orders when he accepted a ride from the first truck that came along on his way to employer's place of operation, when his doing so was for the master's benefit, and by doing so he furthered his employer's interest and pushed on his work by getting to the job at an earlier time than would have been the case had he waited by the roadside for

one of two conveyances suggested by the employer, one of which had already passed the point where the employer had deposited petitioner, in view of the fact that petitioner had not been forbidden to get a ride on any other truck nor on any other particular truck nor on any particular style of truck, and that petitioner's act did not have the effect of taking petitioner out of the course of his employment nor of depriving petitioner to his right to compensation, for the reason that he did what he was expected to do and where it was expected to be done, and that said accident, therefore, constituted an accident arising out of and in the course of petitioner's employment.

6. That the petitioner sustained a crushing of his left foot and the fracture of the first, fourth and fifth toes of his left foot, and that he suffered a temporary disability until October 1st, 1925, and that he is still lame and suffers considerable pain and walks on outside edge of foot and cannot place his toes on the ground, and that he has suffered, as a result of these injuries, a permanent and partial disability to the extent of twenty per cent. of loss of use of said left foot.

\*         \*         \*         \*         \*         \*         \*

HARRY J. GOAS,
*Deputy Commissioner.*